1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

MANUEL ANTONIO GONZALEZ,

12

Petitioner,

13

v.

14

WARDEN,

15

Respondent.

Case No.:  3:20-cv-2538-CAB-RBB

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE**

16
17

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and

18

has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together

19

with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

20

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

21

The request to proceed in forma pauperis is denied because Petitioner has not

22

provided the Court with sufficient information to determine Petitioner's financial status.

23

A request to proceed in forma pauperis made by a state prisoner must include a certificate

24

from the warden or other appropriate officer showing the amount of money or securities

25

Petitioner has on account in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local

26

Rule 3.2.  Petitioner has failed to provide the Court with the required Prison Certificate.

27

Therefore, the application to proceed in forma pauperis is **DENIED**.

28

**FAILURE TO EXHAUST CLAIM IN STATE COURT**

In addition, the Petition must be dismissed because Petitioner has not adequately alleged that he has exhausted his claims to the California Supreme Court. (*See* ECF No. 1 at 5–6.) Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he has exhausted his claim in the California Supreme Court. While Petitioner states he has *filed* a petition for writ of habeas corpus in the California Supreme Court, he has not alleged to have received a judgment from that court.[1] (*See* ECF No. 1 at 5–6.) "The burden of proving that a claim

---

[1] Indeed, a review of the California Supreme Court docket indicates that Petitioner filed a petition for writ of habeas corpus in that court on January 4, 2021, four days *after* Petitioner filed the instant federal petition. An informal response was ordered by the court and was filed on January 11, 2021. As of the date of his Order, Petitioner's petition is still pending before the California Supreme Court. (*See In re Gonzalez*, Case No. S266402, at https://appellatecases.courtinfo.ca.gov/search/case/main CaseScreen.cfm?dist=0&doc_id=2338158&doc_no=S266402&request_token=NiIwLSEmTkw%2BWy BBSCMtUEIIIEg0UDxTJSM%2BVzpTUCAgCg%3D%3D, last visited Jan. 13, 2021.)

has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Therefore, the Petition must be dismissed for failure to exhaust claims in the California state courts.

## BASIS FOR PETITION

Finally, Petitioner is cautioned that 28 U.S.C. § 2254 may not be the proper vehicle for the claim raised and the relief requested in the Petition. Under 28 U.S.C. § 2254, prisoners convicted in state court may challenge the constitutional validity or duration of their confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994).  "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

Here, Petitioner was convicted of attempted murder in 2001, in Los Angeles Superior Court. (*See* ECF No. 1 at 2.) In his Petition, however, Petitioner does not challenge the constitutionality of his state court conviction. Rather, Petitioner argues he must be released from state custody because his Eighth Amendment rights are being violated by the conditions at R.J. Donovan Correctional Facility (RJD). (*Id.* at 10–12.) He contends that COVID-19 virus is spreading out of control among the prison population and staff and that prison officials are not taking appropriate action to protect the health of inmates. Petitioner states that he was infected with COVID-19 as a result of the uncontrolled outbreak. (*Id.* at 10–11.) Petitioner request an "immediate full investigation" into "civil rights violations" related to COVID-19 outbreak in California prisons, including "prison conditions at R.J. Donovan Correctional Facility and hold accountable employees responsible for criminal negligence." (*Id.* at 11.) Petitioner "requests [prison

/ / /

/ / /

/ / /

1  officials hire] professional sanitation companies to sanitize [prison] buildings." (*Id.*)
2  Finally, Petitioner states he is seeking "immediate release from prison" because the
3  conditions in RJD are so dire that his continued incarceration violates his Eighth
4  Amendment right to be free from cruel and unusual punishment. (*Id.* at 11–12.)

5       The Court notes that challenges to conditions of confinement, threats to safety or
6  health based on inmate population density, including exposure to the COVID-19 virus,
7  lack of medical testing and medical staff, or unsanitary conditions are properly raised in a
8  civil rights action pursuant to 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 498–99.;
9  *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (the proper remedy for
10  complaints challenging conditions of confinement is a civil rights action under 42 U.S.C.
11  § 1983). When a state prisoner is challenging the very fact or duration of his physical
12  imprisonment, and the relief he seeks is a determination that he is entitled to immediate
13  release or a speedier release from that imprisonment, his sole federal remedy is a writ of
14  habeas corpus. *Id.* at 500. Although release from prison is not an available remedy in a
15  civil rights action, other types of injunctive relief are available, such as enjoining
16  unconstitutional conduct or requiring compliance with protective measures.[2]

17  **CONCLUSION**

18       Accordingly, the Court **DENIES** the request to proceed in forma pauperis and
19  **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, no
20  later than **March 15, 2021**: (1) pay the filing fee or provide adequate proof of his
21  inability to pay **and** (2) file a First Amended Petition which adequately alleges
22  exhaustion of state judicial remedies. *For Petitioner's convenience, the Clerk of Court*
23  *///*

24

25

26  [2] Petitioner should take note, however, that civil rights actions by prisoners are subject to the Prison
27  Litigation Reform Act, which imposes filing fee obligations for prisoners, requires the Court to sua
   sponte screen civil rights actions, and limits the number of in forma pauperis civil rights actions a
28  prisoner can file. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

3:20-cv-2538-CAB-RBB

*shall attach to this Order a blank Application to Proceed in Forma Pauperis and a blank First Amended Petition form.*

**IT IS SO ORDERED.**

Dated:  January 13, 2021

_____

Hon. Cathy Ann Bencivengo
United States District Judge